LaShaun WITHROW a/k/a Jabbar
Withrow, Plaintiff,

v.

E.R. DONNELLY, et al., Defendants.

No. 03–CV–6283.

United States District Court,
W.D. New York.

Feb. 17, 2005.

Lashaun Withrow, Auburn, NY, pro se.

Charles D. Steinman, New York State Attorney General's Office Department of Law, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Jabbar Withrow, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, all of whom were at all relevant times employed by DOCS, violated his constitutional rights in connection with the issuance of an allegedly false misbehavior report against plaintiff in November 2000. Six of the seven defendants have moved for summary judgment dismissing the claims against them.

### BACKGROUND

The gist of plaintiff's claims is that on November 1, 2000, at which time he was incarcerated at Wende Correctional Facility, he had a confrontation with Correction Officers Paul Pomietlasz and John Wright after they told plaintiff that he could not enter the mosque at Wende because some work was being done inside the mosque. Following that confrontation, Pomietlasz and Wright issued a misbehavior report charging plaintiff with creating a disturbance, making threats, and disobeying a direct order.

A hearing was held before hearing officer Thomas Schoellkopf, who found plaintiff guilty on all charges, and sentenced him to 120 days confinement in the Special Housing Unit ("SHU") and loss of privileges. On administrative appeal, however, Donald Selsky, the Director of Special Housing and Inmate Discipline for DOCS, reversed Schoellkopf's order because of "inappropriate denial of witnesses' [sic] who may have provided testimony related to retaliation defense." Plaintiff's Rule 56 Statement (Dkt.# 38), Ex. 2. Plaintiff was then released from SHU after being confined there for about 71 days.

In this action, plaintiff has sued Pomietlasz, Wright, and Schoellkopf, as well as several supervisory officials: Wende Superintendent Edward Donnelly; Deputy Superintendent for Security Jeffrey Skinner; Captain Martin Kearney; and Lieutenant Rufus Cooks ("the supervisory defendants"). All of the defendants but Schoellkopf have moved for summary judgment.[1]

## DISCUSSION

### I. Claims Against Pomietlasz and Wright

Plaintiff contends that Pomietlasz and Wright issued the misbehavior report against him in retaliation for plaintiff having complained about certain of their actions in the past, such as Pomietlasz threatening plaintiff in March 2000, and Wright having made an improper frisk of plaintiff in May 2000. Plaintiff asserts that the issuance of the misbehavior report violated his rights under the First Amendment. Pomietlasz and Wright contend that this claim should be dismissed because the evidence does not support it.

---

1. Schoellkopf previously moved for judgment on the pleadings, which the Court denied on

September 14, 2004.

██ To survive a motion for summary judgment, a plaintiff asserting a First Amendment retaliation claim must present evidence showing that: (1) he engaged in constitutionally protected conduct; (2) the defendants took adverse action against the him; and (3) there was a causal connection between the protected conduct and the adverse action. *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir.2001). For purposes of their summary judgment motion, defendants concede that plaintiff's prior complaints about them constituted protected speech. They assert, however, that there is no proof that those complaints were a motivating factor in their decision to issue a misbehavior report against plaintiff.

Although the Second Circuit has directed district courts to "approach prisoner claims of retaliation with skepticism and particular care," *id.* at 491, it has set forth some types of circumstances that might serve as evidence of retaliatory intent. For instance, the court has stated that "temporal proximity between an inmate's lawsuit and disciplinary action may serve as circumstantial evidence of retaliation." *Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir.1995). "[E]vidence of prior good behavior also may be circumstantial evidence of retaliation," *id.,* as may evidence of direct threats of retaliation. *Jones v. Coughlin,* 45 F.3d 677, 679–80 (2d Cir. 1995).

Here, Pomietlasz and Wright contend that plaintiff's claims against them must be dismissed because there is no evidence that they threatened to retaliate against him, and because too much time elapsed between plaintiff's complaints about them and the issuance of the misbehavior report. Viewing the evidence in the light most favorable to plaintiff, the nonmoving party, however, I find that plaintiff has presented enough evidence to give rise to a genuine issue of material fact in this regard.

First, although the issuance of the misbehavior report may not have followed close on the heels of plaintiff's prior complaints, the Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Gorman–Bakos v. Cornell Co-op Extension of Schenectady County,* 252 F.3d 545, 554 (2d Cir.2001). *Compare Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 45–46 (2d Cir.1980) (eight-month gap between EEOC complaint and retaliatory action suggested a causal relationship), *with Hollander v. American Cyanamid Co.,* 895 F.2d 80, 85–86 (2d Cir.1990) (passage of three months too long to suggest a causal relationship between complaint and failure to provide good recommendation).[2] Thus, the Court cannot simply add up the number of days, weeks or months that elapsed between plaintiff's protected activity and the adverse action to determine whether they were causally related.

In this case, plaintiff contends that there was an ongoing feud between him and Pomietlasz and Wright, going back to his prior complaints about them and their actions that gave rise to those complaints. If so, the evidence might show that Pomietlasz and Wright had been looking for a reason to "get even" with plaintiff for having filed complaints about them, and that they finally found one when plaintiff attempted to enter the mosque on November 1.

In addition, plaintiff alleges that although his last written complaint about either defendant was filed in May 2000, he

---

**2.** Although the cited cases involve alleged retaliation in the workplace, nothing in them suggests that the principles involved should not apply fully to inmates' claims of retaliation as well.

continued to make oral complaints about them to their superiors in the months that followed. Although defendants contend that plaintiff cannot show that their superiors ever told defendants about those complaints, I believe that this, too, creates an issue of fact.

Finally, plaintiff alleges, and defendants do not appear to dispute, that prior to the November 1 incident, he had a good disciplinary record. As stated, that may be some circumstantial evidence of retaliation. *Colon*, 58 F.3d at 872.

## II. Claims Against Donnelly, Skinner, Kearney and Cooks

■ Plaintiff's claims against the supervisory defendants are based on his allegation that they knew or should have known that Pomietlasz and Wright intended to retaliate against plaintiff, and that they failed to prevent or intervene in the retaliatory activity. Defendants contend that these claims should be dismissed due to the supervisory defendants' lack of personal involvement in the alleged constitutional deprivation.

■ A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir.2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts;

or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring. *Colon*, 58 F.3d 865, 873 (2d Cir.1995); *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986).

Even viewing the evidence in the light most favorable to plaintiff, I find that he has failed to show the existence of any genuine factual issues concerning his claims against the supervisory defendants, and that they are entitled to judgment as a matter of law. The evidence shows that plaintiff had complained to them about various matters while he was at Wende, most of which had nothing to do with Pomietlasz or Wright. Although plaintiff did make some complaints about Pomietlasz and Wright, the evidence also shows that those complaints did not allege any retaliatory activity on their part, so there is no basis upon which one could reasonably conclude that the supervisory defendants should have known that Pomietlasz and Wright might seek to retaliate against plaintiff. In addition, it appears that the supervisory defendants took proper steps to see to it that plaintiff's complaints were investigated and handled properly.

Plaintiff's claim that the supervisory defendants failed to take corrective measures following the issuance of the misbehavior report is belied by the fact that, although he was initially found guilty of the charges against him, he was afforded the right to an appeal, which led to the reversal of the charges. There is no reason to think that the supervisory defendants should have stepped in and interfered with the normal disciplinary and administrative process in this case.

## CONCLUSION

Defendants' motion for summary judgment (Dkt.# 28) is granted in part and denied in part. The motion is granted as

to defendants Edward Donnelly, Jeffrey Skinner, Martin Kearney, and Rufus Cooks, and plaintiff's claims against those defendants are dismissed. In all other respects, defendants' motion is denied.

IT IS SO ORDERED.