45 F.3d 677
 Darnell JONES, also known as Lamont Miller, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, Donald Selsky, Harry Durgan, Shane
Muller, B. Armitage, John Mockry, and Daniel
Senkowski, Defendants-Appellees.
 No. 727, Docket 93-2625.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 10, 1995.
Decided Jan. 23, 1995.
 
 Mark D. Kotwick, New York City (Michael J. McNamara, Seward & Kissel, New York City, on the brief), for plaintiff-appellant.
 Troy Oechsner, Asst. Atty. Gen. of the State of N.Y., Albany, NY (G. Oliver Koppell, Atty. Gen. of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., Albany, NY, on the brief), for defendants-appellees.
 Before: KEARSE, McLAUGHLIN, and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Darnell Jones, formerly a prisoner at the New York State ("State") Clinton Correctional Facility ("Clinton"), appeals from a final judgment of the United States District Court for the Northern District of New York, Neal P. McCurn, Judge, dismissing his complaint filed under 42 U.S.C. Sec. 1983 (1988) for damages in connection with his service of 120 days in punitive segregation at Clinton as a result of misconduct charges against him that were eventually dismissed. The district court granted summary judgment in favor of all defendants. Jones contends, in part on the basis of decisions of this Court filed after the district court's decision, that his claims against defendants Donald Selsky, Harry Durgan, Shane Muller, B. Armitage, and John Mockry were improperly dismissed. For the reasons that follow, we agree, and we vacate the judgment as to those defendants and remand for further proceedings.
 
 
 2
 According to the complaint and other submissions by Jones, on May 13, 1991, Jones filed a formal administrative complaint against Clinton correction officer R. Lavarnway for confiscating and destroying Jones's property; Jones asked that Lavarnway be disciplined. Armitage, Lavarnway's supervisor, allegedly threatened to retaliate against Jones on account of Jones's complaint. In mid-June, corrections officers Durgan and Muller, under the supervision of Armitage, searched the cells of Jones and the inmates housed on either side of him, Mario Wilder and J. Ward. Muller found a sharpened metal rod in Ward's cell, but Durgan, Muller, and Armitage conspired to state that it had been found in the cell of Jones. Durgan and Muller proceeded to file a false misbehavior report against Jones.
 
 
 3
 A disciplinary hearing was convened; Mockry was the presiding hearing officer. Jones pleaded not guilty and asked to call Wilder and Ward as witnesses; Ward was to testify that Armitage told him the weapon had been found in Ward's cell, and Wilder was to corroborate that the weapon had not been found in Jones's cell. Mockry refused to allow these witnesses to be called, and on June 25, he found Jones guilty on the weapon-possession charge. Jones was sentenced to 120 days' confinement in the special housing unit ("SHU") and the loss of four months' "good time."
 
 
 4
 Jones promptly appealed Mockry's decision to Selsky, the Department of Corrections official who was responsible for reviewing decisions of hearing officers. In August 1991, Selsky affirmed Mockry's decision. In late 1991, a legal assistant from Prisoners' Legal Services wrote Selsky, detailing procedural defects in, inter alia, the hearing conducted by Mockry and requesting reconsideration of Jones's appeal. On December 13, 1991, Selsky reversed his earlier decision and expunged the matter from Jones's record. Jones had completed serving his 120-day confinement in SHU on October 14.
 
 
 5
 Jones, then proceeding pro se, commenced the present action in 1992, seeking damages from, inter alios, Durgan, Muller, and Armitage for conspiring to file the false misbehavior report, Mockry for violating Jones's due process rights at the hearing, and Selsky for failing to reverse Mockry's decision upon Jones's initial appeal. Defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6); the court, after notifying the parties, converted the motion to one for summary judgment. Adopting the July 8, 1993 Report Recommendation of Magistrate Judge Gustave J. DiBianco ("Magistrate's Report"), to whom the matter had been referred, the district court granted summary judgment in favor of all defendants. To the extent pertinent here, the court ruled that the alleged due process defects in Mockry's conduct of the hearing were cured by Selsky's eventual reversal; that Selsky was absolutely immune from a suit for damages; and that the claim against Durgan, Muller, and Armitage for filing a false misbehavior report failed to state a claim on which relief can be granted. This appeal followed.
 
 
 6
 Subsequent to the district court's decision, this Court handed down its decision in Walker v. Bates, 23 F.3d 652 (2d Cir.1994) ("Walker "), petition for cert. filed, 63 U.S.L.W. 3092 (U.S. July 25, 1994), holding that if a prisoner was placed in punitive confinement as a result of a procedurally defective hearing, his eventual success in an administrative appeal does not bar his claim under Sec. 1983 for damages resulting from that confinement. Also subsequent to the district court's decision, this Court decided Young v. Selsky, 41 F.3d 47 (2d Cir.1994) ("Young "), ruling that Selsky, as an appellate hearing officer, was not entitled to absolute immunity, though he may be entitled to qualified immunity.
 
 
 7
 The State concedes that Walker is controlling with respect to Jones's claim against Mockry and that Young is controlling with respect to Jones's claim against Selsky, but it asks that we hold this appeal in abeyance pending decisions by the Supreme Court on the certiorari petition filed in Walker and a petition that the State anticipates filing in Young. We decline to do so. A decision of a panel of this Court is binding unless and until it is overruled by the Court en banc or by the Supreme Court. See Wisdom v. Intrepid Sea-Air Space Museum, 993 F.2d 5, 7 (2d Cir.1993) (per curiam). We have no reason to believe the Supreme Court will grant certiorari in either case or overturn either decision. Accordingly, the judgment dismissing the claims against Mockry and Selsky will be vacated and the matter remanded for further proceedings.
 
 
 8
 The district court dismissed Jones's claim against Durgan, Muller, and Armitage on the basis that the assertion that false misconduct charges have been filed does not state a claim, citing Freeman v. Rideout, 808 F.2d 949 (2d Cir.1986), cert. denied, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988), and that Jones's claim of retaliation was "wholly conclusory," Magistrate's Report at 10, citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir.1983). The court concluded that Jones had "no factual basis for the retaliatory claim other than an adverse disciplinary decision and its eventual reversal." Magistrate's Report at 10. We conclude that the dismissal of the retaliation claim should be vacated.
 
 
 9
 First, for factual and doctrinal reasons, it is not clear that Freeman v. Rideout provides the proper framework for decision. In that case, though we stated that a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," 808 F.2d at 951, we reasoned that the prisoner's due process rights are protected if he is granted a hearing on the charges and given an opportunity to rebut them, see id. at 953. The present case may well be factually distinguishable from Freeman if, as alleged, Jones was unfairly denied the right to call key witnesses in defense of the charges against him. At the doctrinal level, we have held that a prisoner has a substantive due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right such as petitioning the government for redress of his grievances, and that this right is distinct from the procedural due process claim at issue in Freeman. See Franco v. Kelly, 854 F.2d 584, 589 (2d Cir.1988).
 
 
 10
 Second, the district court's characterization of Jones's retaliation claim as "wholly conclusory" is puzzling, given the court's own characterization of Jones's claim as asserting that several incidents of retaliation had occurred "includ[ing] threats by defendant Armitage," Magistrate's Report at 9, and given the complaint's detailed allegations that Jones had sought to have disciplinary proceedings commenced against Lavarnway and that shortly thereafter Durgan and Muller, in collaboration with Armitage, filed a false misconduct report against Jones. Though the allegation that Armitage had threatened retaliation was not set out in the complaint, it was alleged in Jones's response to defendants' motion to dismiss, as Jones stated that "sergeant Armitage" sought to retaliate on behalf of officer Lavarnway and that Jones "suffered several threats from this sergeant." Jones's Response to Motion to Dismiss at 8.
 
 
 11
 Third, the district court's conclusion that Jones had no factual basis for the retaliation claim seems (a) premature, and (b) on a record such as this, an inappropriate determination for a court to make on a motion for summary judgment. Jones apparently has obtained no discovery from defendants, who indeed have not even answered the complaint. Even if Jones is unable in discovery to elicit direct admissions, his testimony that Armitage made retaliatory threats, together with evidence of the sequence of events alleged above would easily permit--though obviously not require--a trier of fact to infer that the filing of the false misbehavior report against Jones was an act in retaliation for his earlier complaint against Lavarnway. The determinations as to whether to credit such testimony and as to what inference to draw from the sequence of events is within the province of the factfinder at trial, not of the court on a motion for summary judgment. We conclude that summary dismissal of the retaliation claim was inappropriate and that the matter should be remanded for further proceedings on that claim as well.
 
 
 12
 Finally, although Jones's notice of appeal indicated that he was appealing with respect to all of the defendants, he has expressly chosen not to pursue the appeal against defendants Thomas A. Coughlin and Daniel Senkowski. Accordingly, the dismissal of the claims against those two defendants will be affirmed.
 
 
 13
 We have considered all of the State's arguments on this appeal with respect to the other defendants and have found them to be without merit. The judgment is affirmed to the extent that it dismisses the claims against Coughlin and Senkowski; with respect to the other defendants, the judgment is vacated, and the matter is remanded for further proceedings.
 
 
 14
 No costs are awarded at this time. In the event that Jones ultimately prevails on the merits of any of his claims, the district court may award him the costs of the present appeal against the defendant or defendants over whom he ultimately prevails.