101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Marcus JOHNSON, Plaintiff-Appellant,
v.
Janina STRIFE, Senior Librarian, Oneida Correctional
Facility; P. Naughton, Lieutenant; P. Mooney,
Lieutenant; E. Reynold, Superintendent;
W. Komenecky, Captain,
Defendants-Appellees.
 No. 95-2777.
 United States Court of Appeals, Second Circuit.
 April 19, 1996.
 
 APPEARING FOR APPELLANT: Marcus Johnson, pro se, New York, NY.
 APPEARING FOR APPELLEE: Darrell M. Joseph, Assistant Attorney General, New York, NY.
 N.D.N.Y.
 AFFIRMED.
 PRESENT: MINER, WALKER and LEVAL, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued.
 
 
 4
 Plaintiff-appellant Marcus Johnson appeals pro se from a judgment entered in the United States District Court for the Northern District of New York (Scullin, J.), adopting the Report-Recommendation of the magistrate judge, and granting summary judgment in favor of defendants-appellees Janina Strife, Senior Librarian, Oneida Correctional Facility ("Oneida"), Lieutenant P. Naughton, Lieutenant P. Mooney, Superintendent E. Reynolds, and Captain W. Komenecky.
 
 
 5
 On October 20, 1993, Strife filed a misbehavior report charging Johnson, an inmate at Oneida, with disobeying a direct order, harassment, and "conduct which disturbs the order of the facility." These charges stemmed from a remark that Johnson made to her in the library at Oneida. Strife stated that he previously had made personal comments to her, and that she had warned him to cease such behavior.
 
 
 6
 Earlier, on October 14, 1993, Johnson had filed a grievance, complaining that Oneida's library was overcrowded and that more librarians were needed to provide assistance to inmates. Strife asserts that she was not aware of this grievance at the time that she filed the misbehavior report. In response to the grievance, Strife prepared a memorandum on October 26th, outlining the procedures for access to the library. On October 28th, Oneida's Inmate Grievance Resolution Committee rejected Johnson's grievance.
 
 
 7
 On October 25th, Naughton presided over a disciplinary hearing on the misbehavior charges. Although Johnson admitted that he had made a remark to Strife in the library, he testified that Strife wrote the misbehavior report in retaliation for his grievance concerning the library. Naughton found Johnson not guilty of creating a disturbance, but guilty of harassment and disobeying a direct order. Naughton imposed a penalty on Johnson of 30 days of "keeplock" confinement. On October 27th, Johnson appealed the determination, and Komenecky affirmed the decision.
 
 
 8
 In an October 20, 1993 letter to Reynolds, Johnson complained, pursuant to section 114-a of New York Correction Law, about Strife's filing of the misbehavior report. Mooney was appointed to investigate Johnson's claims. On October 27th, Reynolds issued a decision rejecting Johnson's administrative complaint.
 
 
 9
 On December 8, 1993, Johnson commenced the instant 42 U.S.C. § 1983 action, claiming that the defendants had violated his due process and Eighth Amendment rights. He alleged, inter alia, that: 1) Strife wrote a false misbehavior report against him in retaliation for his grievance concerning the library; 2) the disciplinary hearing was conducted in an arbitrary fashion; 3) the investigation of his administrative complaint was inadequate; and 4) he was mistreated by corrections officers while in confinement. Johnson and the defendants subsequently moved for summary judgment. On October 17, 1994, the magistrate judge recommended that the defendants' motion for summary judgment be granted. On October 25, 1995, the district court adopted the recommendation, and granted summary judgment in favor of the defendants. This appeal followed.
 
 
 10
 Johnson contends that the district court erred in granting summary judgment in favor of the defendants on his retaliation claim. We disagree. This court has held that "a prisoner has a substantive due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right such as petitioning the government for redress of his grievances." Jones v. Coughlin, 45 F.3d 677, 679-80 (2d Cir.1995). In Jones, we held that the district court's grant of summary judgment in favor of the defendants was inappropriate, because "testimony that [a defendant] made retaliatory threats, together with evidence of the sequence of events" would permit a trier of fact to infer that there was retaliation. Id. at 680. In the present case, there is no evidence of retaliatory threats by Strife, and we agree with the district court that Johnson's allegations of retaliation are conclusory. In fact, Johnson's grievance concerning the library did not even mention Strife. Moreover, Johnson did not submit anything to controvert Strife's statement in her affadavit that she did not even become aware of the grievance until after she filed the misbehavior report.
 
 
 11
 Finally, Johnson's own narration of the events at his prison disciplinary hearing supports the propriety of Strife's misbehavior report and the punishment Johnson received. According to Johnson's testimony, Strife called for quiet in the library. Johnson then whispered to another inmate that "we're in school now." Strife then asked him "Are you remarking me [sic] Mr. Johnson?", to which he answered, "You look kind of sharp today Mrs. Strife."
 
 
 12
 In this context, Johnson's conduct involved disobedience of Strife's order to be quiet, and insolence by commenting on her appearance in response to her remonstration. This justified her complaint and the discipline imposed on him. Under Rule 107.11, N.Y. Comp.Codes R. & Regs. tit. 7, § 270.2, insolence constitutes harassment for which Johnson was punished. As we held in Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir.1994), even if Strife's report had been in part retaliatory, it nonetheless was justified on the basis of Johnson's own testimony and therefore did not constitute a violation of Johnson's constitutional rights.
 
 
 13
 We also reject Johnson's contention that his right to procedural due process was violated because the evidence at the disciplinary hearing did not support the charges against him. Within the context of a prison disciplinary proceeding, due process "requires only that there be some evidence to support the findings made in the disciplinary hearing." Superintendent v. Hill, 472 U.S. 445, 457 (1985). At Johnson's disciplinary hearing, the evidence, which included testimony from a corrections officer and Strife's misbehavior report, was sufficient under this standard.
 
 
 14
 Johnson argues that his administrative complaint pursuant to section 114-a was arbitrarily investigated and decided. However, state procedural requirements such as section 114-a do not establish federal constitutional rights, see Bolden v. Alston, 810 F.2d 353, 358 (2d Cir.), cert. denied, 484 U.S. 896 (1987), and thus this claim is not a basis for liability under § 1983.
 
 
 15
 Finally, Johnson contends that he was mistreated by corrections officers while in confinement. It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir.1991) (quotation omitted). However, Johnson did not allege that any of the named defendants had any personal involvement in his alleged mistreatment.
 
 
 16
 We have considered Johnson's remaining contentions, and we find them all to be without merit.