**Dennis CROSSWELL, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellee.**

Docket No. 01–2674.

United States Court of Appeals, Second Circuit.

Nov. 6, 2002.

Michael G. Moore, Hartford, CT, for Appellant.

James K. Filan, Jr., Assistant United States Attorney, Office of the United States Attorney for the District of Connecticut, New Haven, CT (John A. Danaher, III, United States Attorney, Jeffrey A. Meyer, Assistant United States Attorney, on the brief), for Appellee.

Present JACOBS, SACK, Circuit Judges, and TRAGER,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

---

Dennis Crosswell appeals from denial of a writ of habeas corpus by the United States District Court for the District of Connecticut (Nevas, J.) seeking relief from a final order of deportation. Crosswell claimed entitlement to discretionary relief from deportation pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1182(c) (1994).

Under § 212(c) of the INA, certain otherwise deportable lawful permanent residents who had lived more than seven years in the United States could apply for a discretionary waiver from deportation based on hardship. See Henderson v. INS, 157 F.3d 106, 109 (2d Cir.1998). Section 511 of the Immigration Act of 1990 ("1990 Act"), Pub.L. No. 101–649, 104 Stat. 4978 (1990), barred § 212(c) relief for anyone who had committed an "aggravated felony" (such as robbery) and who had, as a result, served five or more years in prison. See Buitrago–Cuesta v. INS, 7 F.3d 291, 292 (2d Cir.1993). We need not decide the applicability of certain later enactments which further changed the statutory scheme governing relief from deportation, because we conclude that Crosswell is ineligible for such relief under the 1990 Act, and the later enactments did not expand the relief previously available.

Crosswell is a citizen of Jamaica who has lived as a lawful permanent resident in the United States since 1969. In 1989, he committed a robbery (and several related crimes) and was promptly arrested and imprisoned. He was sentenced in 1990 and resentenced in 1992 (apparently with credit for time served). The Immigration and Naturalization Service issued him an Order to Show Cause in November 1995, charging that he was deportable on the basis of his conviction. On March 25, 1998, an Immigration Judge found Crosswell both deportable and ineligible for any discretionary relief from deportation. The

Board of Immigration Appeals affirmed; Crosswell filed this petition for a writ of habeas corpus; and the district court denied it.

On appeal, Crosswell argues that (1) he is not barred from § 212(c) relief because he has not sought "admission" to the United States since his conviction, (2) Congress did not intend that the 1990 Act be applied to eliminate § 212(c) relief for aliens who committed aggravated felonies or were convicted before its enactment, and (3) he had not served more than five years in prison at times relevant to his claim for § 212(c) relief.

(1) The 1990 Act's limitation on § 212(c) relief applies in both deportation and admission proceedings. Buitrago–Cuesta, 7 F.3d at 292. It therefore does not matter whether Crosswell sought "admission."

(2) In Buitrago–Cuesta, we explicitly rejected the argument that Congress intended that the 1990 Act apply only to those whose crimes or convictions that postdated its enactment. See id. at 294 ("[T]he only sensible interpretation [of the 1990 Act] is that Congress intended its directions to the Attorney General to go into effect promptly after the date of enactment." (internal quotation marks omitted)). That ruling is not (as Crosswell contends) impaired by our decision in St. Cyr v. INS, 229 F.3d 406 (2d Cir.2000). "A decision of a panel of this Court is binding unless and until it is overruled by the Court en banc or by the Supreme Court." Henderson, 157 F.3d at 119 (quoting Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir.1995)).

(3) We reject Crosswell's challenges to the calculation used to establish that he had served five years in prison. For purposes of calculating the five year bar on relief from deportation, the clock runs until an Immigration Judge issues a decision. Buitrago–Cuesta v. INS, 7 F.3d at 296 ("Just as we credit aliens for time spent in

the country while an appeal is pending before the BIA so that they are eligible for § 212(c) relief, we will consider the time aliens spend in prison during the course of a hearing for purposes of rendering them ineligible for § 212(c) relief."). Crosswell's pre-trial detention started on April 1, 1989, he was sentenced on March 22, 1990, and he was resentenced on November 25, 1992. Regardless of which one of these events started the five-year period, Crosswell had clearly spent more than five years in prison before the Immigration Judge found him deportable on March 25, 1998.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**