**UNITED STATES of America,**
**Appellee,**

v.

**Maynor VASQUEZ–RUBIO, also known as Maynor J. Vasquez, also known as Jose Vasquez, also known as Maynor Jose Vasquez–Rubio, Defendant–Appellant.**

**Docket No. 02–1607.**

United States Court of Appeals,
Second Circuit.

June 24, 2003.

Kenneth M. Moynihan, Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney, (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Edward R. Broton, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellees.

Present: MINER, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

### UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the judgment of the district court be AFFIRMED.

Defendant Maynor Vasquez–Rubio appeals from a judgment of conviction and sentence imposed in the United States District Court for the Northern District of New York (Mordue, *J.*) based on his guilty plea to illegally reentering the United States in violation of 8 U.S.C. § 1326. After Vasquez–Rubio was sentenced to a 70–month prison term, to run consecutively to an undischarged sentence based on the violation of his state parole for a drug conviction, he filed a habeas petition, arguing (*inter alia*) that the district court was required, pursuant to U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 5G1.3(b), to make the federal and state sentences run concurrently. The petition was granted, but Vasquez–Rubio received the same (consecutive) sentence at his resentencing. He argues on appeal that the district court abused its discretion in failing to impose the concurrent sentence he argued for in his habeas petition.[1]

U.S.S.G. § 5G1.3 governs whether a defendant, who like Vasquez–Rubio is subject to an undischarged term of imprisonment for another offense, should be given a concurrent sentence, a consecutive sentence, or some combination thereof. Subsection (a) requires imposition of a consecutive sentence if the instant offence was committed after sentencing for the other offense; subsection (b) requires imposition of a concurrent sentence if the other offense has been "fully taken into account" in the determination of the offense level for the instant offense; in all other cases, subsection (c) grants discretion to impose a sentence that runs concurrently, partially con-

1. The government contends that Vasquez–Rubio waived the argument he raises on appeal, since at the resentencing hearing he argued that the district court had discretion to impose a consecutive or concurrent sentence.

We assume *arguendo* that the argument presented on appeal was adequately raised by Vasquez Rubio in his habeas petition underlying the resentencing.

currently, or consecutively to achieve a reasonable punishment. *See* U.S.S.G. § 5G1.3.

This case is controlled by *United States v. Garcia–Hernandez*, 237 F.3d 105 (2d Cir.2000), which Vasquez–Rubio concedes is "precisely the same as the present case" and which presents an "issue [that] is identical." In that case, we held that the district court had discretion, pursuant to U.S.S.G. § 5G1.3(c), to impose either a consecutive or a concurrent sentence on a defendant convicted of illegally reentering the United States with an undischarged sentence for a parole violation triggered by the illegal reentry. *Id.* at 110. We reasoned that the state sentence was not necessarily "fully taken into account" by the defendant's offense level, so U.S.S.G. § 5G1.3(b) did not apply. *See id.* Vasquez–Rubio asks us to "revisit" *Garcia–Hernandez*, but offers no persuasive reason for doing so, and we see none. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir.1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court."); *cf. United States v. Los Santos*, 283 F.3d 422, 426 (2d Cir.2002) (following *Garcia–Hernandez*); *United States v. Fermin*, 252 F.3d 102, 108–109 (2d Cir.2001) (same).

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.