**UNITED STATES of America,**
**Appellee,**

v.

**Francis CUNNINGHAM, Defendant,**

**Claude Helton, Defendant–Appellant.**

**Docket No. 03–1269.**

United States Court of Appeals,
Second Circuit.

Dec. 24, 2003.

Gretchen L. Wylegala, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, for Appellee.

Anthony J. Lana, Buffalo, NY, for Defendant–Appellant.

PRESENT: FEINBERG, CALABRESI, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Claude Helton appeals a sentence imposed upon him by the United States District Court for the Western District of New York (Skretny, *J.*). The relevant facts are undisputed. In 1979, Helton was convicted on a continuing criminal enterprise (CCE) charge, as a result of his participation in a heroin distribution scheme, and was sentenced to a long term of imprisonment. He was released on special parole on April 28, 1998. On May 5, 2000, Helton was arrested in the District of Vermont and charged with conspiracy to commit bank fraud. He was convicted of that charge on March 9, 2001, and sentenced to time served of ten months. He was then taken into custody for violating the conditions of his parole, and served approximately twelve more months in prison.

On August 23, 2001, Helton was charged in the United States District Court for the Western District of New York with conspiracy to commit bank fraud and numerous substantive counts of bank fraud. The district court dismissed the conspiracy charge, finding that the New York conspiracy was a continuation of the Vermont conspiracy for which Helton was convicted. Helton then pled guilty to one substantive count of bank fraud and, at sentencing, sought downward departures under U.S.S.G. § 5G1.3 for the time he served for the Vermont conviction and for his parole violation.[1] The district court granted the appellant a two-point reduction as credit for the time served pursuant to the Vermont conviction, but declined to depart downwardly on the basis of the time served for the parole violation. He then sentenced the defendant to twelve months' imprisonment, which was at the low end of the applicable guideline range.

Helton argues on appeal that the time he served as a result of his parole violation should have been taken into account under § 5G1.3, because it was a direct result of the instant offense. It is clear that such crediting cannot be mandatory, because time served for a parole violation is, for the purposes of § 5G1.3(b), "the 'result' of the 'offense' for which [the defendant] was originally convicted ..., and is not properly attributable to the conduct that violated the terms of his release on parole." *United States v. Garcia–Hernandez*, 237 F.3d 105, 108 (2d Cir.2000). We are not in a position to reconsider this holding. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir.1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court en banc or by the

---

1. At the time of Helton's sentencing, the relevant portion of the Sentencing Guidelines provided:

     (b) If ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

     (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

   U.S.S.G. § 5G1.3 (2002).

Supreme Court."). We do not reach the question whether it is within the district court's discretion to take such time into account, because the district court here has made clear that, even if it were within its discretion, the court would decline to depart further.

We have considered all of Helton's claims and find them meritless. Because the district court applied Guideline § 5G1.3 properly, its judgment is AFFIRMED.