**AIG ASIAN INFRASTRUCTURE FUND, L.P., Plaintiff–Appellant,**

**v.**

**CHASE MANHATTAN ASIA LIMITED, J.P. Morgan Partners (BHCA) and John D. Lewis, Defendants–Appellees,**

Bayan Telecommunications Holdings Corporation, Benres Holdings, Eugenio Lopez III, Manuel Lopez, Oscar Lopez, Xavier Gonzales and Rodolfo C. Salazar, Defendants.

**Docket No. 04–2403.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2005.

S. Robert Schrager, Bondy & Schloss, L.L.P., New York, NY, for Appellant.

Mark Holland, Clifford Chance US, LLP (Alyssa Kelman, JPMorgan Chase Legal Department, New York, NY), New York, NY, for Appellee, of counsel.

Hope Hall Augustini, Senior Litigation Counsel (Giovanni P. Prezioso, General Counsel, Jacob H. Stillman, Solicitor, Dominick V. Freda, Attorney), Securities and Exchange Commission, Washington, D.C., as Amicus Curiae.

PRESENT: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

This appeal raises the question whether Section 804 of the Sarbanes–Oxley Act—which extended the statute of limitations for private securities fraud claims from one year after the discovery of the facts constituting the violation and three years after the violation to the earlier of two years after the discovery of the facts or five years after the violation—applies retroactively to revive a claim that was filed after the Act became law but that had previously expired. *See* Pub.L. No. 107–204, § 804, 116 Stat. 745, 801 (2002), codified in part at 28 U.S.C. § 1658(b). The district court concluded that it does not, and dismissed the plaintiff's claims as time-barred. *See A.I.G. Asian Infrastructure Fund, L.P. v. Chase Manhattan Asia Limited,* No. 02–CV–10034, 2004 WL 3095844 (S.D.N.Y. March 24, 2004). Since that decision was issued, a panel of this Court similarly concluded in an unrelated case that Section 804 does not revive expired claims. *See In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.,* 391 F.3d 401, 403, 405–10 (2d Cir.2005).

The facts of this case are indistinguishable in all material respects from those at issue in *Enterprise Mortgage Acceptance Co.* "A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court." *Jones v. Coughlin,* 45 F.3d 677, 679 (2d Cir.1995).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.