Detroy LIVINGSTON, Plaintiff–
Appellant,

v.

Thomas J. PISKOR, Francis M. Sette,
Anthony Mackiewicz, James Dunshie,
Martin Wendle, and Lawrence Hoin-
ski, Defendants–Appellees.

No. 04–6027.

United States Court of Appeals,
Second Circuit.

Oct. 26, 2005.

Detroy Livingston, Elmira, NY, for Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General (Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Office of New York State Attorney General, Albany, NY, for Appellees, of counsel.

Present: AKEARSE, MINER and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the District Court be and hereby are **AFFIRMED** in part, **VACATED** in part, and **REMANDED.**

On April 21, 1999, plaintiff-appellant Detroy Livingston, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), filed a *pro se* complaint, amended on September 24, 1999, alleging "a host of violations of his constitutional rights by DOCS officials and employees, all arising from events that took place at Attica Correctional Facility ('Attica')." *Livingston v. Goord,* 225 F.Supp.2d 321, 324 (W.D.N.Y.2002). On appeal, plaintiff challenges (1) the District Court's *sua sponte* dismissals of several of plaintiff's § 1983 claims on August 31, 1999 and February 25, 2000; (2) the District Court's September 30, 2002 Decision and Order granting defendants' motion for partial summary judgment; and (3) the District Court's judgment of October 18, 2004, entered after an adverse jury verdict, dismissing all of plaintiff's remaining claims. We assume that the parties are familiar with the facts, the procedural history, and the issues before this Court.

■ On appeal, the State concedes, and we agree, that the challenged decisions of the District Court must be vacated and remanded with respect to two issues. First, "appellees concede that a remand is appropriate with respect to so much of plaintiff's complaint as seeks to challenge the due process afforded the plaintiff at multiple disciplinary hearings conducted in connection with two misbehavior reports, one dated July 11, [1996], and the other from February 1997." Letter of Martin A. Hotvet to Clerk of Court, Oct. 3, 2005, at 1. In dismissing plaintiff's due process claims *sua sponte* in its February 25, 2000 decision, the District Court reasoned that, because the disciplinary hearings at issue resulted in a recommended loss of good-time credits for defendant, plaintiff's § 1983 challenge to those hearings was precluded by the favorable termination rule of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). *See Edwards,* 520 U.S. at 643, 117 S.Ct. 1584 (prisoner's § 1983 claim for damages not cognizable where judgment in favor of inmate "would necessarily imply the invalidity of his conviction or sentence," unless conviction or sentence "has previously been invalidated" (internal quotation marks omitted)). The District Court, however, was unaware that defendant is serving a sentence with a maximum term of life imprisonment and thus is ineligible for good-time credit under New York law. *See* N.Y. Corrections Law § 803(1)(a). Accordingly, because a favorable result on plaintiff's due process challenge to his disciplinary hearings would not have implicated the "overall length of [plaintiff's] confinement," *see Jenkins v. Haubert,* 179 F.3d 19, 27 (2d Cir.1999), the District Court's dismissal of plaintiff's due process claims was in error and must be remanded for further consideration.

■ Second, the District Court erred in dismissing plaintiff's claims against Attica

Superintendent Walter B. Kelly—specifically, that Kelly had failed to preserve videotapes of the July 1996 incidents—as part of the Court's general conclusion that plaintiff had failed to establish Kelly's "personal involvement in the alleged constitutional deprivations." *Livingston*, 225 F.Supp.2d at 336. As the State acknowledges, "this reasoning does not dispose of plaintiff's claim regarding the destruction of the videotape[ ] because Kelly's affidavit was admittedly silent with respect to that issue. Thus the issue remains to be resolved on remand along with the other issues associated with plaintiff's procedural due process claim." Appellees' Br. at 40.

■ Finally, we note that a remand is warranted with respect to one additional ground not conceded by the State. In its decision of August 31, 1999, the District Court dismissed plaintiff's claims that certain defendants had filed false misbehavior reports against him with respect to the July 1996 and February 1997 incidents. Relying on *Freeman v. Rideout*, 808 F.2d 949 (2d Cir.1986), the District Court concluded that "[t]he only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report." *Livingston v. Goord*, No. 99 Civ. 6169, at 10 (W.D.N.Y. Aug. 31, 1999). However, because plaintiff's due process challenge to the conduct

of his disciplinary hearings remains to be considered on remand, plaintiff's claims based on the alleged filing of false misbehavior reports must also be remanded so that the District Court may consider these claims in light of our analysis in *Freeman* and other applicable caselaw.[1] *See, e.g., Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir.1995) (noting that a claim based on the filing of false misconduct charges "may well be factually distinguishable from *Freeman* if," for example, an inmate "was unfairly denied the right to call key witnesses in defense of the charges against him"); *Franco v. Kelly*, 854 F.2d 584, 587 (2d Cir.1988) ("[T]he key inquiry in assessing an allegation that an inmate has been found guilty of false disciplinary charges is whether or not the prison has provided the inmate with the minimum procedural due process protections guaranteed by the Fourteenth Amendment.").

\*    \*    \*    \*    \*    \*

We have carefully considered plaintiff's remaining claims and deem each of them to be without merit. Accordingly, the judgment and orders of the District Court are hereby **AFFIRMED** in part and **VACATED** in part. The cause is **REMANDED** for further consideration of (1) plaintiff's due process claims challenging the disciplinary hearings arising out of the July 11, 1996 and February 25, 1997 inci-

---

1. Because a finding by the District Court that plaintiff was denied his due process rights may provide an independent basis for considering plaintiff's claims with respect to the filing of false misbehavior reports, we need not consider at this time whether plaintiff's complaint could also be construed as raising a retaliation claim. *See Jones v. Coughlin*, 45 F.3d 677, 679–80 (2d Cir.1995) (stating that a claim alleging the retaliatory filing of false misconduct charges "is distinct from the procedural due process claim at issue in *Freeman*," and noting that although inmate's allegation that defendant "had threatened retaliation was not set out in the complaint, it was alleged in [plaintiff's] response to defendants' motion to dismiss"); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988) (acknowledging that "[i]t may not be clear to what extent section 1983 is available to vindicate certain substantive rights arising out of the Due Process Clause," but concluding that "[t]here is no question, however, that an inmate may resort to section 1983 in attempting to vindicate substantive rights arising out of such other provisions as the First Amendment"). Any such determinations are to be made by the District Court should they become necessary during the proceedings to be conducted on remand.

dents; (2) plaintiff's claim that Attica Superintendent Walter B. Kelly violated his due process rights with respect to the destroyed videotapes of the July 1996 incidents; and (3) plaintiff's claims that Corrections Officers John T. Bennis and Thomas J. Piskor filed false misbehavior reports against plaintiff regarding the July 11, 1996 and February 25, 1997 incidents.