UNITED STATES of America,
Appellee,

v.

Gregory DEPALMA, Defendant–
Appellant.

No. 06–4833–cr.

United States Court of Appeals,
Second Circuit.

June 30, 2008.

Daniel A. Hochheiser, Hochheiser & Hochheiser, LLP, New York, NY, for Appellant.

Richard Daddario, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Jonathan S. Kolodner, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: RALPH K. WINTER, ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Gregory Depalma appeals from a September 28, 2006 judgment of conviction entered in the District Court. Following a jury trial, defendant was convicted of twenty-seven counts of various crimes, two of which are challenged directly on this appeal—embezzlement and conspiracy to embezzle funds of a union benefit plan, in violation of 18 U.S.C. §§ 664 and 371. Defendant was sentenced principally to a term of 151 months' incarceration and ordered to pay restitution and forfeiture. On appeal, defendant principally argues that (1) there was insufficient evidence to sustain his convictions for embezzlement and conspiracy to embezzle funds from a union benefit plan; and (2) the evidence presented by the Government at trial and the instructions to the jury constructively amended the indictment. In his supplemental brief, defendant challenges as to all of the counts the introduction of evidence obtained through the use of a "roving bug," a form of electronic surveillance. We assume the parties' familiarity with the facts and procedural history of the case.

When considering a challenge to the sufficiency of the evidence, we "view the evidence, whether direct or circumstantial, in the light most favorable to the government, crediting every inference that could have been drawn in its favor, and we must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *United States v. Rosa,* 11 F.3d 315, 337 (2d Cir.1993) (internal citations omitted). In assessing a constructive amendment claim, we must consider whether the defendant has established that "either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defen-

dant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Frank*, 156 F.3d 332, 337 (2d Cir.1998). Where a defendant has not objected to a district court's jury instructions below, we review his challenge on appeal for plain error. *See, e.g., United States v. Ganim*, 510 F.3d 134, 151 (2d Cir.2007). We review challenges to the constitutionality of a statute *de novo. See, e.g., United States v. Bianco*, 998 F.2d 1112, 1120 (2d Cir.1993). In reviewing the issuance of a surveillance order, our task is "to decide if the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Miller*, 116 F.3d 641, 663 (2d Cir.1997).

▮ We conclude that defendant has failed to establish that there was insufficient evidence to sustain his convictions for embezzlement and conspiracy to embezzle the funds of the union benefit plan. Defendant's distinction between assisting his own associates, who were ineligible to obtain benefits, in obtaining pension benefits and "steal[ing] ... assets of [the] employee welfare benefit plan," 18 U.S.C. § 664, is unavailing. The evidence at trial established that defendant unlawfully diverted pension funds by securing benefits for people who were not entitled to receive those benefits. The fact that defendant's associates paid insurance premiums does not undermine this conclusion. There was evidence presented at trial to show that any benefits paid to those who were not eligible plan participants "dissipated" the plan's assets. We further conclude that the District Court properly instructed the jury and that the evidence presented at trial did not constructively amend the indictment.

▮ Finally, we find no error in the introduction of evidence obtained through the use of "roving bugs." Defendant invites us to reconsider our decision in *Bianco*, 998 F.2d at 1122, upholding the constitutionality of 18 U.S.C. § 2518(11), the statute authorizing the use of "roving bugs." We decline this invitation not only for the reason that we are bound by the prior precedents of our Court, *see, e.g., Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir.1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court."), but also because we believe *Bianco* to have been correctly decided on this point. We conclude that the surveillance orders at issue here and the installation of a tracking device on the exterior of his cell phone comported with the requirements of the Fourth Amendment, *see Bianco*, 998 F.2d at 1124–25, and the statutory requirements of 18 U.S.C. § 2518(11).

Having considered the parties' briefs, the record, and oral argument, we reject defendant's remaining arguments as lacking in merit.

For the reasons stated above, the judgment is **AFFIRMED**.