23-1176-cv
*RiseandShine Corp. v. PepsiCo, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges*.

---

RISEANDSHINE CORPORATION, DBA RISE BREWING,

> *Plaintiff-Appellant*,

> v.                                                                 23-1176-cv

PEPSICO, INC.,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:          CHRISTOPHER L. MCARDLE (Kirk T. Bradley and Paul Tanck, *on the brief*), Alston & Bird LLP, Charlotte, North Carolina, and New York, New York.

FOR DEFENDANT-APPELLEE:                    DALE M. CENDALI (Diana Torres, Lauren
                                           Schweitzer, Maria Beltran, George W. Hicks,
                                           Jr., and Eric Speckhard, *on the brief*),
                                           Kirkland & Ellis LLP, Los Angeles,
                                           California, Washington, District of
                                           Columbia, and New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 2, 2023, is **AFFIRMED**.

Plaintiff-Appellant RiseandShine Corporation ("RiseandShine") appeals from the district court's grant of summary judgment in favor of Defendant-Appellee PepsiCo, Inc. ("PepsiCo") on RiseandShine's trademark infringement and unfair competition claims brought under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and its New York common law claims for trademark infringement, unfair competition, and unjust enrichment. The claims asserted by RiseandShine, which sells nitro-brewed canned coffee drinks under the name "RISE," relate to PepsiCo's marketing of a canned energy drink under the mark "MTN DEW RISE ENERGY." On appeal, RiseandShine argues that the district court erred in granting summary judgment by: (1) analyzing the strength of RiseandShine's trademark as a question of law and ruling against it on that question; and (2) treating the likelihood of confusion test as a legal question and concluding, after balancing the factors under that test, that PepsiCo was entitled to summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This is not the first time these parties are before us. After the district court granted RiseandShine's motion for a preliminary injunction, *see generally RiseandShine Corp. v. PepsiCo, Inc.*, No. 21-cv-6324 (LGS), 2021 WL 5173862 (S.D.N.Y. Nov. 4, 2021) ("*RiseandShine I*"), we

reversed and vacated that order, *see generally RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112 (2d Cir. 2022) ("*RiseandShine II*"). In doing so, we explained that, although RiseandShine's mark, "RISE," was suggestive, it was inherently weak because the word "rise" has "strong logical associations" with coffee.[1] *Id.* at 121. After acknowledging that RiseandShine had presented some evidence of acquired distinctiveness, we nonetheless decided that RiseandShine had not shown, at that juncture, "that its RISE mark ha[d] achieved sufficient acquired strength to counterbalance the inherent weakness of its mark." *Id.* at 124. We also held that the district court clearly erred in finding that RiseandShine's mark was similar to PepsiCo's "MTN DEW RISE ENERGY" mark. *Id.* at 124–25. On remand, and after discovery, the district court granted PepsiCo's motion for summary judgment on all claims. *See generally RiseandShine Corp. v. PepsiCo*, No. 21-cv-06324 (LGS), 2023 WL 4936000 (S.D.N.Y. Aug. 2, 2023) ("*RiseandShine III*"). This appeal followed.

We review *de novo* both a district court's grant of summary judgment and determination of the likelihood of confusion in trademark infringement cases. *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326 (2d Cir. 2020). When reviewing summary judgment determinations, we "resolv[e] all ambiguities and draw[] all permissible inferences in favor of the nonmoving party." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020).

To prevail on a federal trademark infringement or unfair competition claim, RiseandShine must show that: (1) its mark is protectable and (2) PepsiCo's product is likely to cause consumer confusion with that mark. *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009). Because we have already determined that RiseandShine's mark is protectable, *RiseandShine II*, 41 F.4th at 121–22, the inquiry turns on whether PepsiCo's use of the word "Rise"

---

[1] We also noted that the caffeinated beverage sector was well saturated with products branded with the term "Rise." *RiseandShine II*, 41 F.4th at 122–23.

3

on its product is likely to cause consumer confusion in the marketplace. In evaluating claims of consumer confusion, we look to the *Polaroid* factors:

> (1) the strength of the trademark; (2) the degree of similarity between the plaintiff's mark and the defendant's allegedly imitative use; (3) the proximity of the products and their competitiveness with each other; (4) the likelihood that the plaintiff will "bridge the gap" by developing a product for sale in the defendant's market; (5) evidence of actual consumer confusion; (6) evidence that the defendant adopted the imitative term in bad faith; (7) the respective quality of the products; and (8) the sophistication of the relevant population of consumers.

*Tiffany & Co.*, 971 F.3d at 84–85 (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)). When weighing these factors, "[n]o single factor is dispositive." *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 110 (2d Cir. 2023). The process is not a mere counting exercise "where the party with the greatest number of factors weighing in its favor wins." *Tiffany & Co.*, 971 F.3d at 85 (internal quotation marks and citation omitted). Instead, the inquiry focuses "on the ultimate question of whether consumers are likely to be confused." *Id.* (internal quotation marks and citation omitted). "As in any other area of law . . . if a factual inference must be drawn to arrive at a particular finding on a *Polaroid* factor, and if a reasonable trier of fact could reach a different conclusion, the district court may not properly resolve that issue on summary judgment." *Id.* at 86 (alteration adopted) (internal quotation marks and citation omitted).

## I.      Strength of the Mark

The district court concluded that the strength-of-mark factor strongly favored PepsiCo. *RiseandShine III*, 2023 WL 4936000, at *8. RiseandShine argues that the district court came to that conclusion by impermissibly analyzing the strength-of-mark factor as a question of law and disregarding material facts regarding the mark's acquired strength. We find both arguments unpersuasive.

4

The strength-of-mark factor is divided into two inquiries:  inherent (or "conceptual") strength and acquired strength.  *RiseandShine II*, 41 F.4th at 120.  RiseandShine first argues that the inherent strength is a question of fact.  We disagree.

For more than two decades, this Court has recognized that there is "a considerable component of law in the determination whether a mark has the degree of strength necessary to weigh in favor of the party claiming infringement."  *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 216 (2d Cir. 2003), *abrogated in part on other grounds by 4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202 (2d Cir. 2019); *see Car-Freshner*, 980 F.3d at 329–30; *Tiffany & Co.*, 971 F.3d at 86.  Earlier this year, we reiterated in no uncertain terms that "[a] mark['s] inherent strength is a legal question."  *City of New York by and through FDNY v. Henriquez*, 98 F.4th 402, 413 (2d Cir. 2024) (citing *Tiffany & Co.*, 971 F.3d at 86 n.7).  RiseandShine urges us to disregard our recent precedent in favor of other decisions by this Court, which have suggested that inherent strength is a question of fact.  *See, e.g.*, *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1041 (2d Cir. 1992); *DC Comics, Inc. v. Reel Fantasy, Inc.*, 696 F.2d 24, 26–27 (2d Cir. 1982); *see also Star Indus., Inc. v. Bacardi & Co., Ltd.*, 412 F.3d 373, 384 (2d Cir. 2005) ("A district court's findings that a mark is not protectable as inherently distinctive is a finding of fact that we generally review for clear error.").  We decline to do so.  Indeed, in *RiseandShine II*, we noted the tension on this issue in our prior decisions.  *See* 41 F.4th at 121 ("While this Court has said, at times, that the classification of a mark is a factual matter, we have also stated that there is an undeniable legal element in the determination of how much strength a given mark commands." (citations omitted)).  However, as the panels did in *Car-Freshner* and *Tiffany & Co.*, and even more recently in *Henriquez*, the *RiseandShine II* panel adhered to "the most recent statement[s] on the matter," *Playtex Prods., Inc. v. Ga.-Pac. Corp.* 390 F.3d 158, 162 n.2 (2d Cir. 2004), concluding that the

5

inherent strength of the mark was a legal determination and that the district court committed "legal error" in failing to recognize the inherent weakness of RiseandShine's mark, *RiseandShine II*, 41 F.4th at 121. Thus, the district court in *RiseandShine III* correctly concluded that it was bound by the previous panel's determination that "RISE" was, as a matter of law, an inherently weak mark for a coffee product because of the mark's logical association with the product. *RiseandShine III*, 2023 WL 4936000, at \*6 (citing *RiseandShine II*, 41 F.4th at 121–22). We conclude that RiseandShine's newly proffered dictionary definitions of the word "rise" do not undermine the prior panel's legal determination in *RiseandShine II*, and we remain bound by the holding in that case regarding the inherent weakness of the "RISE" mark. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court.").

RiseandShine next argues that it has raised triable issues of fact regarding the acquired strength of its mark. We disagree. In evaluating whether a mark has acquired distinctiveness, or secondary meaning, we consider "advertising expenditures, consumer studies linking the mark to a source, unsolicited media coverage of the product, sales success, attempts to plagiarize the mark, and the length and exclusivity of the mark's use." *Car-Freshner*, 980 F.3d at 329. "The fundamental question, however, is whether the *primary* significance of the term in the minds of the consuming public is not the product but the producer." *Bristol-Myers Squibb Co.*, 973 F.2d at 1041 (emphasis in original) (internal quotation marks and citation omitted).

We agree with the district court that, on this record, no reasonable jury could find that the primary significance of the mark "RISE" is to identify RiseandShine as the source of the product. *RiseandShine III*, 2023 WL 4936000, at \*6. Although we held in *RiseandShine II* that RiseandShine "ha[d] not shown that its RISE mark has achieved sufficient acquired strength to

6

counterbalance the inherent weakness of its mark," 41 F.4th at 124, the district court correctly noted that it was not bound by this decision because "it was made on a somewhat lesser factual record and under a different legal standard," *RiseandShine III*, 2023 WL 4936000, at *6. The district court nevertheless determined that the discussion in *RiseandShine II* on the issue had "strong persuasive force" given the "similarity between the record before the Circuit and the record on summary judgment." *Id.* at *7. Indeed, much of the evidence on which RiseandShine relies— including, *inter alia*, the $17.5 million spent on advertising, collaborations with sports teams, the various awards its product received, and anecdotal evidence of confusion—was already before this Court on the prior appeal. We agree that the minimal additional evidence RiseandShine put forth on summary judgment is insufficient to move the analytical needle, especially in the absence of any consumer studies that link the "RISE" mark to RiseandShine. To be sure, consumer surveys are not the only way to establish secondary meaning. *See Centaur Commc'ns, Ltd. v. A/S/M Commc'ns, Inc.*, 830 F.2d 1217, 1222 (2d Cir. 1987), *overruled on other grounds by Paddington Corp. v. Attiki Importers & Distribs., Inc.*, 996 F.2d 577, 585 (2d Cir. 1993). However, as the district court noted, "the absence of survey evidence is probative, especially now at the conclusion of all discovery when evidence of acquired distinctiveness is hardly overwhelming." *RiseandShine III*, 2023 WL 4936000, at *7 (internal quotation marks and citation omitted). In short, when analyzed in the context of the mark's inherent weakness, RiseandShine's evidence of secondary meaning is insufficient to create a triable issue of fact on that question, and the district court correctly decided that the strength-of-mark factor strongly favors PepsiCo.

## II.     Likelihood of Confusion

We similarly reject RiseandShine's argument that the district court erred in treating the likelihood of confusion question as a matter of law. This Court has long held that the balancing of

7

the *Polaroid* factors is a question of law. *See, e.g.*, *Tiffany & Co.*, 971 F.3d at 86; *Plus Prods. v. Plus Disc. Foods, Inc.*, 722 F.2d 999, 1004–05 (2d Cir. 1983). RiseandShine claims that a Supreme Court decision from nine years ago, *Hana Financial, Inc. v. Hana Bank,* 574 U.S. 418 (2015), effectively overruled Second Circuit precedent holding that the likelihood of confusion test is a legal question. However, since *Hana Financial*, we have continued to hold that the likelihood of confusion test is a question of law. *See, e.g.*, *Souza*, 68 F.4th at 109; *Car-Freshner*, 980 F.3d at 326; *Tiffany & Co.*, 971 F.3d at 86. Indeed, in *Car-Freshener*, we specifically considered and foreclosed the precise argument made by RiseandShine regarding *Hana Financial*. 980 F.3d at 326 n.4. In particular, we noted that while "[i]t is arguable that the Supreme Court's decision in *Hana Financial* . . . casts doubt on our view" that the likelihood of confusion is a question of law, we nevertheless "continued to adhere to the view that the determination of whether a given set of foundational facts establishes a likelihood of confusion is a legal conclusion . . . in light of our own recent decision in *Tiffany*" and a similar decision of the Sixth Circuit. *Id.* (internal quotation marks and citation omitted). That determination in *Car-Freshner* is binding here. *See Jones*, 45 F.3d at 679.[2]

To the extent RiseandShine challenges the district court's weighing of the *Polaroid* factors, we agree with the district court's determination that there was not a likelihood that consumers

---

[2] In *Hana Financial*, the Supreme Court decided that "when a jury trial has been requested and when the facts do not warrant entry of summary judgment or judgment as a matter of law, the question whether tacking is warranted must be decided by a jury." 574 U.S. at 423. The Court did not hold that the tacking determination is a factual question but rather that the determination "involves the application of a legal standard," *id.*, and that "the application-of-legal-standard-to-fact sort of question . . . has typically been resolved by juries," *id.* at 423-24 (quoting *United States v. Gaudin*, 515 U.S. 506, 512 (1995)). The likelihood of confusion analysis similarly involves the application of a legal standard, and it could be submitted to a jury if there were enough evidence for a reasonable jury to make the predicate findings to establish a likelihood of confusion. In this case, however, the district court properly decided the evidence was insufficient to proceed to trial. *See RiseandShine III*, 2023 WL 4936000, at *11; *Hana Financial*, 574 U.S. at 423 ("If the facts warrant it, a judge may decide a tacking question on a motion for summary judgment or for judgment as a matter of law.").

would be confused by PepsiCo's use of the term "Rise." *RiseandShine III*, 2023 WL 4936000, at *11. While "[n]o single [*Polaroid*] factor is dispositive," *Souza*, 68 F.4th at 110, the strength of the mark and similarity of the marks are among the most important ones, *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987) (identifying the first three *Polaroid* factors as "perhaps the most significant"). Thus, we have found the similarity-of-marks factor dispositive at the summary judgment stage when the marks are sufficiently dissimilar. *See, e.g.*, *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46–48 (2d Cir. 2000) (determining that the parties' marks were "so dissimilar as to require judgment" for the defendant); *see also RiseandShine II*, 41 F.4th at 124 (emphasizing that "weak marks are entitled to only an extremely narrow scope of protection, unless a convincing combination of other *Polaroid* factors militates strongly in favor of likelihood of confusion" (internal quotation marks and citation omitted)). As discussed *supra*, RiseandShine's mark is inherently weak and thus entitled to "an extremely narrow scope of protection." *RiseandShine II*, 41 F.4th at 124. As the prior panel concluded, RiseandShine's "RISE" mark also does not resemble PepsiCo's mark. *Id.* at 124–25. Thus, on this record, the remaining *Polaroid* factors, which included some limited evidence of actual confusion and bad faith, do not produce a sufficiently "convincing combination" to militate in favor of RiseandShine.[3] *Id.* at 124 (internal quotation marks and citation omitted). In sum, when

---

[3] We note that RiseandShine's anecdotal evidence of actual confusion, which is largely centered on the perceptions of industry professionals, does little to show likelihood of *consumer* confusion. As noted *supra*, during discovery, RiseandShine could have provided consumer surveys to demonstrate that consumers were confused by PepsiCo's mark, but they failed to do so. *See The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 964 (2d Cir. 1996) (noting that "the absence of surveys is evidence that actual confusion cannot be shown"). Thus, the district court correctly held that actual confusion *only slightly* favored RiseandShine. *RiseandShine III*, 2023 WL 4936000, at *9. Similarly, the evidence of bad faith—namely, that RiseandShine sought a "partnership" with PepsiCo, which PepsiCo declined—does not overcome (individually or in combination with anecdotal evidence of actual confusion) the other *Polaroid* factors favoring PepsiCo, including the dissimilarity between the marks.

viewing the *Polaroid* factors in the aggregate, the district court correctly found that there is no likelihood of confusion and thus summary judgment was warranted in PepsiCo's favor on the Lanham Act claims.[4]

*      *      *

We have considered RiseandShine's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Because RiseandShine's state law claims for infringement and unfair competition also turned on the likelihood of confusion, we also uphold the district court's grant of summary judgment on those claims. *See Fireman's Ass'n of the State of N.Y. v. French Am. Sch. of N.Y.*, 839 N.Y.S.2d 238, 241 (3d Dep't 2007); *Bristol-Myers Squibb Co.*, 973 F.2d at 1048 ("In order to prevail under New York law, a plaintiff must demonstrate a likelihood of confusion between the two products."). Similarly, we affirm the district court's grant of summary judgment on RiseandShine's unjust enrichment claim because it flowed from RiseandShine's claim that PepsiCo misappropriated the "RISE" mark, and RiseandShine does not contest the district court's determination of that claim on appeal. *See FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 65 (2d Cir. 2006) (finding that the appellants "waived their right to contest" the district court's determination "by not raising it as an issue on appeal").