09-1249-pr
Bordas v. Payant

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

Homero Bordas,

> *Plaintiff-Appellant*,

> v.                                              09-1249-pr

Leo E. Payant, Superintendent, Mohawk Correctional Facility, Gullo, Correctional Sergeant, Mohawk Correctional Facility, D. Norman, Correction Officer, Mohawk Correctional Facility, M. Mullin, Correction Officer, Mohawk Correctional Facility,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Homero Bordas, *pro se*, Ogdenburg, N.Y.

FOR DEFENDANTS-APPELLEES:          Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Nancy A. Spiegel, Senior Assistant Solicitor General; Kate H. Nepveu, Assistant Solicitor General, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Homero Bordas, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, to the extent that Appellant asserts on appeal that his due process rights were violated because he was denied access to an interpreter at a disciplinary hearing, we decline to consider this or any related arguments, as Appellant did not raise these issues before the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (recognizing the well established general rule that a court of appeals will not consider an issue raised for the first time on appeal); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005)).

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007).  A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In the case of a *pro se* complaint, a court must construe the complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and should not dismiss it without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

To state a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated by or substantially caused by the plaintiff's exercise of that right; and (3) the defendant's actions effectively chilled the plaintiff's exercise of his rights.  *See Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998).  Additionally, a prisoner has a substantive due process right, actionable under § 1983, not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right such as petitioning the government for redress of his grievances.  *See Jones v. Coughlin*, 45 F.3d 677, 679-680 (2d Cir. 1995).  However, we have stated that "a complaint of retaliation that is wholly conclusory can be dismissed on the pleadings alone."

3

*Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Here, the district court properly dismissed Appellant's retaliation claims against defendants Norman and Mullin. As the district court correctly determined, Appellant failed to plausibly allege any causal connection between the conduct of Norman and Mullin and Appellant's grievance concerning the misconduct report by Officer Critelli. Additionally, to the extent that Appellant alleged that Norman and Mullin retaliated against him based on his statements at a disciplinary hearing, the allegations were conclusory and lacked sufficient detail to plausibly suggest that Norman and Mullin acted to chill his right to be heard at the hearing.

Finally, we note that Appellant has not appealed the dismissal of his claims against defendants Gullo and Payant and his non-retaliation claims against Norman and Mullin. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4