12-3406
Faulk v. Patterson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

**PRESENT:**
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges.*

---

**Alfonzo Faulk,**

> *Plaintiff-Appellee*,

> v.                                                     12-3406

**Brian Fisher, Commissioner, Richard Roy, I.G.,
Gregory Kadien, Supt., Hessle, D.S.S.,
McNamara, D.S.P., Allen, CC, Samick, CC,
Cotton, CC, Kelleher, CC, Howard, PA, Kull,
Officer, Regan, PA, Dzierba, SCC, Gian,
Officer, Wiley, I.G. Agent, Mirtello, Sargent,
Janish, IGP Supervisor, LaGraves, IGP Supervisor,
Lukaszek, Officer, Turinsky, Officer, Zacagnino,**

> *Defendants-Appellants*,

**David Patterson, Governor,**

> *Defendant*.

---

**FOR PLAINTIFF-APPELLEE:**    Alfonzo Faulk, *pro se*, Bronx, NY.

**FOR DEFENDANTS-APPELLANTS:**    Victor Gerard Paladino, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Alfonzo Faulk, *pro se*, appeals from the district court's judgment granting the Appellees' motion for summary judgment and dismissing his action brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine disputes of material fact, this Court is "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

On appeal, Faulk primarily challenges the district court's dismissal of his retaliation claim, which alleged that, the day after he succeeded on an inmate grievance, several of the Appellees retaliated against him by filing misbehavior reports. To prevail on such a claim, Faulk must show "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F. 3d 133, 137 (2d Cir. 2003). The Appellees concede that filing an inmate grievance constitutes protected conduct, so the only issue is whether Faulk has produced sufficient evidence to raise a question of material fact about whether his successful grievance was a "substantial or motivating factor" in the disciplinary charges. *See id.* at 137-38. This he has not done.

"[P]risoner retaliation claims are easily fabricated, and . . . pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration." *Id*. at 137 (internal quotation marks omitted). Accordingly, while we have held that temporal proximity between protected conduct and an adverse action constitutes circumstantial evidence of retaliation, *see id*. at 138, we have consistently required some further evidence of retaliatory animus before permitting a prisoner to proceed to trial on a retaliation claim. For example, in *Bennett*, we permitted the prisoner to proceed to trial where disciplinary charges were filed as he was in the process of successfully settling a lawsuit against prison officials and the disciplinary charges "were subsequently found to have been unjustified." *Id*.; *see also Gayle v. Gonyea*, 313 F.3d 677, 683-84 (2d Cir. 2002) (prisoner permitted to proceed to trial where there was temporal proximity between a grievance and a misbehavior report and the "testimony at the disciplinary hearing also shed[] doubt on the accuracy of the accusations stated in the misbehavior report"). Similarly, in *Espinal v. Goord*, we held that a trial was required where only six months separated

the dismissal of Espinal's lawsuit and an allegedly retaliatory beating by two officers, one of whom was a defendant in the lawsuit, and there was evidence that the other was aware of the lawsuit. *See* 558 F.3d 119, 129-30 (2d Cir. 2009).

Finally, in *Colon v. Coughlin*, upon which Faulk relies, Colon introduced evidence that he was brought up on drug- and weapon-related disciplinary charges immediately after winning a lawsuit against prison officials; he had never before been found in possession of either drugs or weapons while in prison; and the prison official who had authorized the contraband search told Colon that he had been "framed" because of his lawsuit. *See* 58 F.3d 865, 868, 872-73 (2d Cir. 1995). In that case, we opined that if the circumstantial evidence of retaliation — Colon's prior good behavior and the temporal proximity between the lawsuit and the disciplinary charges — "represented the sum total of Colon's proof, we might be inclined to affirm the grant of summary judgment" given the weakness of his case and the ease with which prisoner retaliation claims could be fabricated. *Id*. at 873 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)). We nonetheless permitted Colon to proceed to trial because he had presented direct evidence of retaliation: the prison official's statement that he had been framed. *See id.*

Here, Faulk has introduced circumstantial evidence of retaliation: his "excellent" disciplinary history prior to his successful grievance, and the two misbehavior reports issued by corrections officers Michael Gian and Jacob Lukaszek the day after Faulk succeeded on his grievance. But he can point to no more. Faulk alleged that corrections counselor Patrick Kelleher commented on his successful grievance and warned him against filing more; but Kelleher neither initiated nor authorized the two challenged misbehavior reports. *Cf. Colon*, 58 F.3d at 868, 873. Gian and Lukaszek did, and Faulk points to no evidence suggesting that they were motivated by, or even aware of, his successful grievance. First, neither of those officers

4

were named in the successful grievance. *Cf. Espinal*, 558 F.3d at 129. Second, while Faulk alleged that Gian was present during a meeting when Kelleher reprimanded him, he made no allegation that the successful grievance was discussed during that meeting. *Cf. Espinal*, 558 F.3d at 129. To the extent Faulk alleged that Kelleher "used" Gian to file the misbehavior report, such conclusory allegations are insufficient to withstand summary judgment. *See Bennett*, 343 F.3d at 137 (noting that this Court is "careful to require non-conclusory allegations" in support of prisoner retaliation claims). Similarly, while Faulk alleged that prior to issuing his misbehavior report, Lukaszek had asked whether Faulk had a "problem" with Kelleher and "reminded" him that "the counselors and corrections officers run Gowanda," there is no indication that Lukaszek mentioned the successful grievance. Finally, the defendants introduced evidence that the misbehavior reports were substantiated. *Cf. Bennett*, 343 F.3d at 137; *Gayle*, 313 F.3d at 683-84.

Given the absence of any further evidence of retaliatory intent on the part of Gian and Lukaszek, we affirm the district court's summary judgment decision on the retaliation claim. *See Colon*, 58 F.3d at 873.

We have considered all of Faulk's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5