Washington v. Donohue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand seventeen.

PRESENT:
  Robert A. Katzmann,
    *Chief Judge,*
  Debra Ann Livingston,
    *Circuit Judge,*
  Margo K. Brodie,*
    *District Judge*.

_____

Anthony Washington,

  *Plaintiff-Appellant*,

  v.                                                                              15-4145

Chaplain M. Afify, Superintendent David Napoli, J. Colvin, Deputy Superintendent, K. McCarthy, Correctional Counselor, Sergeant B. Curren, Sergeant Sepiol, Sergeant Post, Correctional Officer W. Hollenbeck, Correctional Officer J.K. Moss, Correctional Officer Jayne, Correctional Officer Delaney, all are being sued individually and in their official capacities,

  *Defendants*,

Lieutenant Donahue, Correctional Officer S. Evertts, Correctional Officer S. Waters, Correctional Officer R. Deming, Correctional Officer W. Faucett,

---

* Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                Anthony Washington, pro se, Binghamton, NY.

FOR DEFENDANTS-APPELLEES:            Barbara D. Underwood, Solicitor General, Andrew Ayers, Senior Assistant Solicitor General, Kate H. Nepveu, Assistant Solicitors General of Counsel, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Anthony Washington, proceeding pro se, appeals from a judgment in favor of Appellee prison officials in his suit under 42 U.S.C. § 1983. He challenges the dismissal of his due process claim against Lieutenant Donahue and his First Amendment retaliation claims against Correctional Officers Evertts, Waters, Deming, and Faucett. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, "we must resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party, however, cannot overcome summary judgment by relying on "mere speculation or

conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

First, Washington challenges the dismissal of his due process claim against Lieutenant Donahue. "A prisoner's liberty interest is implicated by prison discipline . . . only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). We have explained that "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Id.* Here, Washington alleged that Lieutenant Donahue demonstrated bias by delaying a disciplinary hearing, using a racial epithet, and imposing a punishment of 60 days' keeplock. However, Washington failed to allege or present any evidence establishing that the conditions of that keeplock were more onerous than usual, and therefore failed to establish that he had a liberty interest warranting due process protection. *See id.* Accordingly, Lieutenant Donahue was entitled to summary judgment.

Second, Washington challenges the dismissal of his retaliation claims against Officers Evertts, Deming, Waters, and Faucett. To prevail on a First Amendment retaliation claim, Washington must show that (1) he engaged in constitutionally protected conduct, (2) prison officials took adverse action against him, and (3) there was a causal connection between the protected speech and the adverse action. *See Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). The officers concede the first two elements, so the only issue is whether Washington has created a

3

genuine dispute of material fact about whether there was a causal connection between a prior grievance and each of the disciplinary charges filed by the officers.

"[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted). Although we have held that temporal proximity between protected conduct and an adverse action constitutes circumstantial evidence of retaliation, we have consistently required some further evidence of retaliatory animus before permitting a prisoner to proceed to trial on a retaliation claim. *See, e.g.*, *id.* at 138–39 (allowing claim to proceed where disciplinary charges were filed simultaneous to prisoner's successful settling of lawsuit against prison officials and where charges "were subsequently found to have been unjustified"). For example, in *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995), we reversed the grant of summary judgment in part where, in addition to circumstantial evidence of retaliation—the prisoner's prior good behavior and the temporal proximity between a lawsuit against prison officials and disciplinary charges filed by those officials—the prisoner alleged that a prison official said that the prisoner had been framed. *Id.* at 868, 872–73.

Upon review, we conclude that Washington presented sufficient circumstantial and direct evidence to establish a material dispute of fact with respect to his retaliation claims. Washington demonstrated temporal proximity. *See Bennett*, 343 F.3d at 138; *see also Espinal*, 558 F.3d at 129 (temporal proximity established where six months had elapsed and it was "plausible that the officers waited to exact their retaliation at an opportune time"). Washington alleged that he filed a grievance on April 10, 2008, Evertts questioned him about it, and the next day Evertts filed an allegedly false misbehavior report against him. Washington likewise alleged that he filed a

4

grievance against Deming on September 15, 2008, and, two days later, Deming filed an allegedly false misbehavior report against Washington. Finally, Washington alleged that, on August 16, 2008, Waters and Faucett confronted him about a grievance he filed on July 1, 2008, and ordered him to clean feces, and, after he refused, filed a misbehavior report against him the next day.

In addition to this circumstantial evidence, Washington produced direct evidence of retaliatory animus: in his affidavit, he alleged that all four of the officers directly confronted him about his practice of filing grievances against prison officials before filing false misbehavior reports. *Cf. Colon*, 58 F.3d at 873 (finding that plaintiff's allegation that defendant admitted to retaliatory scheme constituted direct evidence of retaliation). Although the officers each denied threatening or retaliating against Washington, viewing the evidence in the light most favorable to Washington, one can infer that the officers took action in response to Washington's grievances.

The officers argue that this Court should affirm the dismissal of Washington's retaliation claim against Waters and Faucett on the alternative ground that Washington would have been disciplined, even if he had not filed a grievance, because he disobeyed a direct order. This argument was first raised on appeal, and so we decline to consider it. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).

We have considered Washington's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5