21-2928-cv
*Morrow v. Bauersfeld*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Neb Morrow, III,

> > *Plaintiff-Appellant*,

> v.

Bauersfeld, Commissioner's Hearing Officer
(CHO), Auburn Correctional Facility,                     21-2928-cv

> > *Defendant-Appellee*,

Harold Graham, Superintendent, Sergeant
Van Fleet, Superintendent of D-Block, J.
Perkins, Corrections Officer in D-Block,
Auburn Correctional Facility,

> > *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                     Neb Morrow, III, *pro se*, Ossining, NY.

FOR DEFENDANT-APPELLEE: Kate H. Nepveu, Assistant Solicitor General of Counsel, Victor Paladino, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Neb Morrow, III, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of defendant-appellee Brian Bauersfeld with respect to Morrow's retaliation claim under 42 U.S.C. § 1983. Morrow alleged that, after he filed several grievances while incarcerated at Sing Sing Correctional Facility, the defendant officers searched his cell without him present, in violation of a Department of Corrections and Community Supervision ("DOCCS") directive. One of the corrections officers who searched the cell stated that he found a weapon under Morrow's bed—a nine-inch piece of flat metal that had been sharpened to a point. Morrow was administratively charged with possession of a weapon but claimed the weapon was planted. Morrow further asserted that Bauersfeld, an attorney acting as the Commissioner's Hearing Officer, wrongfully found Morrow guilty of the weapon possession charge after conducting a disciplinary hearing notwithstanding the officers' alleged violation of the DOCCS's directive. That decision was later overturned on administrative appeal and the charge expunged because of the officers' violation of the DOCCS search procedure directive, but only after Morrow had spent a significant period of time in restricted custody due to the disciplinary sanction. Morrow brought this First Amendment retaliation claim against Bauersfeld, alleging that

Bauersfeld's decision to sustain the charge against him was part of an ongoing pattern of retaliation arising out of his filing of constitutionally-protected grievances.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment *de novo*, construing facts in the light most favorable to the non-moving party and resolving all ambiguities and drawing all reasonable inferences against the moving party. *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment should only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish a First Amendment retaliation claim under Section 1983, "a prisoner must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citation omitted). If a plaintiff establishes these elements, a defendant may still avoid liability by establishing that he "would have taken the adverse action even in the absence of the protected conduct." *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (internal quotation marks and citation omitted).

Here, it is undisputed that Morrow's filing of grievances is protected activity and the disciplinary sanction constitutes an adverse action. *See, e.g.*, *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) ("[Plaintiff] has sufficiently alleged . . . participation in protected activity: the

---

[1] Morrow also named the corrections officers as defendants, but his claims against those defendants were dismissed by the district court as time-barred. He does not challenge that decision on appeal.

3

use of the prison grievance system."); *see also id*. (holding that the filing of false misbehavior reports resulting in disciplinary sanctions satisfied the "adverse action" element). Therefore, as Bauersfeld concedes, the sole element at issue is causation. To satisfy the causal element of a retaliation claim, a plaintiff must "introduce evidence sufficient to support the inference that the speech played a substantial part in the adverse action." *Brandon*, 938 F.3d at 40 (internal quotation marks and citation omitted). In the absence of direct evidence, circumstantial evidence may satisfy a plaintiff's burden if it is "sufficiently compelling." *Bennett v. Goord*, 343 F.3d 133, 139 (2d Cir. 2003). We have considered as circumstantial evidence, among other things, the temporal proximity between speech and an adverse action and subsequent findings that the adverse action was unjustified. *See, e.g.*, *id.* at 138.

In response to Bauersfeld's summary judgment motion, Morrow provided no direct evidence that Bauersfeld was motivated by retaliatory animus. Instead, Morrow contended that the timing of Bauersfeld's decision, as well as the fact that it was later overturned, supplied sufficient circumstantial evidence to preclude summary judgment on the causation issue. The district court, however, concluded "[a]fter careful review of the underlying record, there is insufficient evidence from which a jury could find the causation requirement satisfied on these facts." Supp. App'x at 245. We agree.

As an initial matter, the strength of any inference drawn from the temporal proximity between the grievances and the disciplinary action must be examined in light of the circumstances. Here, it is uncontroverted that Bauersfeld did not play any role in the search that prompted the grievances, and the occurrence and timing of Morrow's hearing were set by regulation, not Bauersfeld. Therefore, because Bauersfeld had no control over the timing of the hearing, any inference from the temporal proximity between the protected activity and the adverse action

4

following the hearing is substantially weakened. *See McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 280 (2d Cir. 1999) (concluding that "when scrutinized" the surrounding factual context "render[s] unremarkable any temporal connection" between the protected conduct and the alleged retaliation); *cf. Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (holding that temporal proximity was established where six months had elapsed and it was "plausible that the officers waited to exact their retaliation at an opportune time").

In any event, we have repeatedly held that temporal proximity alone is insufficient for a prisoner's retaliation claim to survive summary judgment. *See, e.g., Blue v. Koren*, 72 F.3d 1075, 1085 (2d Cir. 1995) ("[A] temporal sequence may fuel . . . suspicions [of retaliatory motive]" but was insufficient to allow retaliation claim to survive summary judgment); *see also Washington v. Afify*, 681 F. App'x 43, 46 (2d Cir. 2017) (summary order) ("Although we have held that temporal proximity between protected conduct and an adverse action constitutes circumstantial evidence of retaliation, we have consistently required some further evidence of retaliatory animus before permitting a prisoner to proceed to trial on a retaliation claim."); *accord Faulk v. Fisher*, 545 F. App'x 56, 58 (2d Cir. 2013) (summary order) (collecting cases).

The only other evidence upon which Morrow relies to support an inference of retaliatory intent is the reversal of Bauersfeld's decision on administrative appeal. However, as with the temporal proximity evidence, any inference from this reversal is substantially undermined by the surrounding circumstances. It is undisputed that Bauersfeld is not an official against whom Morrow previously filed grievances, but instead a civilian employee who had "little to no contact" with the corrections officers allegedly involved in the misconduct in his cell. Supp. App'x at 162; *see Wright v. Goord*, 554 F.3d 255, 274 (2d Cir. 2009) (holding no rational juror could find retaliatory motive by a corrections officer where, *inter alia*, inmate's grievance letter did not name

5

that officer and that officer was not a participant in the alleged misconduct). Additionally, the record reveals no evidence about how the hearing took place, Bauersfeld's conduct at the hearing, or any prior interactions between Bauersfeld and Morrow that could support retaliatory intent. Moreover, Bauersfeld's determination was not reversed for lack of substantial evidence, but rather because, under the DOCCS directive, Morrow "should have [had] the ability to view [the] cell search in its entirety upon being removed." Supp. App'x at 196. In other words, that reversal on appeal did not call into question Bauersfeld's credibility assessments or his finding that Morrow possessed a weapon in his cell, but rather reversed the sanction on procedural grounds.

Therefore, this record is distinguishable from cases in which the circumstantial evidence (including temporal proximity and the circumstances surrounding the inmate's vindication on the charges) was sufficient to preclude summary judgment on the issue of retaliatory animus. *See, e.g.*, *Bennett*, 343 F.3d at 138 (holding evidence precluded summary judgment where, in addition to the temporal proximity of the adverse actions to the protected activity, such actions were not overturned on "procedural or technical grounds" but rather were all "found to have been devoid of factual support," including one instance where "the hearing officer [was] reprimanded for failing to develop a record supporting the conclusion he had reached"); *Jones v. Coughlin*, 45 F.3d 677, 679–80 (2d Cir. 1995) (holding that plaintiff's testimony about retaliatory threats, along with the sequence of events and expungement of disciplinary charge, was sufficient to preclude summary judgment). In contrast to those cases, given the paucity of circumstantial evidence in this record, any inference of retaliatory animus from Bauersfeld's failure to recognize the procedural defect in the search would be based on sheer speculation. *See generally Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("Although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of [a

6

summary judgment] motion.").

In sum, we agree with the district court that the circumstantial evidence proffered by Morrow is an insufficient basis from which a rational jury could find that Bauersfeld's decision in the disciplinary proceeding against Morrow was motivated, in substantial part, by retaliatory animus. Therefore, the district court properly granted summary judgment in Bauersfeld's favor on the retaliation claim.

\*     \*     \*

We have considered all of Morrow's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7