Baig v. Sessions

BIA
Poczter, IJ
A072 218 988

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MIRZA NASIR BAIG, AKA MIRZA ASIF BAIG,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

15-1785

NAC

| | |
|---|---|
| **FOR PETITIONER:** | Thomas H. Nooter, Freeman, Nooter & Ginsberg, New York, N.Y. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Nancy Kwang |

Canter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mirza Nasir Baig, a native and citizen of Pakistan, seeks review of a May 5, 2015, decision of the BIA affirming a September 18, 2013, decision of an Immigration Judge ("IJ") denying Baig's motion to terminate proceedings and his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mirza Nasir Baig,* No. A072 218 988 (B.I.A. May 5, 2015), *aff'g* No. A072 218 988 (Immig. Ct. N.Y. City Sept. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005)*; Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The BIA declined to rely on the IJ's findings that Baig's particular social group was not

2

legally cognizable and that Baig did not merit asylum as a matter of discretion; the BIA did determine that Baig suffered no past persecution. The applicable standards of review are well established: we review factual findings for substantial evidence, legal issues de novo, and the denial of a motion to terminate for abuse of discretion. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005).

**I. Motion to Terminate**

Baig argues that the five-year statute of limitations period of 8 U.S.C. § 1256(a) for rescission of lawful permanent resident ("LPR") status bars the initiation of his removal proceedings. However, as the Government argues, Baig's argument is foreclosed by *Adams v. Holder*, 692 F.3d 91, 101-08 (2d Cir. 2012), in which we held that § 1256(a)'s statute of limitations does not apply to removal proceedings.

We reject Baig's assertion that our holding in *Adams* is not binding because it was "essentially *dicta*." *Adams* held (1) that § 1256(a) does not apply to immigrants who acquire LPR status through consular processing, and (2) that "§ 1256(a)'s limitations period on rescission does not apply to removal." *Id.* at 93. We explained that our second holding was consistent

3

with "the majority of our sister circuits to have considered the question," listed *id.* at 101-02.  Our second holding in *Adams* is not dicta and is binding in this case.  *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court.")  The agency therefore did not abuse its discretion in denying Baig's motion to terminate.

**II.  Asylum & Related Relief**

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable."  *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2).

The BIA assumed without deciding that Baig had established membership in a particular social group, but affirmed the IJ's conclusion that Baig had not established an objectively reasonable fear of persecution.  As evidence of his fear of persecution, Baig testified that the Taliban in Pakistan mainly targets foreigners and Americans for their money, and that he and his family will be viewed as Americans because they have

4

been living in the United States for several years. As evidence, he cited newspapers he read; television reports he watched; what his father told him; the experience of somebody he knew who was killed when he returned to Pakistan from Germany; Baig's attempted kidnapping at a Pakistani airport in 2006 when two men in civilian clothing stopped him and questioned him (but fled when Baig yelled); the killing of the American wife of his former brother-in-law by two men on motorcycles; a U.S. Department of State travel warning cautioning Americans against traveling to Pakistan; and several news articles describing killings and kidnappings of foreigners in Pakistan.

However, the agency explicitly considered this evidence and reasonably concluded that Baig's fear of future persecution was not objectively reasonable. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record[,] . . . [a] fear [of future persecution] is speculative at best."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in

5

record evidence, a task largely within the discretion of the agency."). The only evidence Baig provided of specific harm to himself (the attempted kidnapping) did not rise to the level of persecution; it occurred in 2006; and Baig did not know who the men were or why they had approached him. *Jian Xing Huang*, 421 F.3d at 129. As the agency concluded, none of Baig's evidence showed that persons similarly situated (i.e., persons perceived as being wealthy Americanized Pakistanis) have been targeted in Pakistan. Although one of the news articles stated that "[k]idnapping has become a big business in Pakistan in recent years," it also stated that "it is not just foreigners who are [at] risk." Therefore, while Baig presented evidence of the high rates of crime and kidnapping in Pakistan, the agency did not err in finding speculative his claim that he would be targeted for being perceived as a wealthy Americanized Pakistani and that he therefore failed to establish an objectively reasonable fear of future persecution. *Jian Xing Huang*, 421 F.3d at 129; *Xiao Ji Chen*, 471 F.3d at 342; *Jian Hui Shao*, 546 F.3d at 169-72.

Accordingly, because the agency reasonably found that Baig failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that he

6

necessarily failed to meet the higher burden required for withholding of removal or his burden for CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. Petitioner's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk