24-885-cr
*United States v. Garlick*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand twenty-five.

PRESENT:
GERARD E. LYNCH,
JOSEPH F. BIANCO,
STEVEN J. MENASHI,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                              24-885-cr

JAMES GARLICK,

*Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | Adam Sowlati, Jerry Fang, and Nathan Rehn, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Edward S. Zas, Federal Defenders of New York, Inc., New York, New York; James M. Branden, Law Office of James M. Branden, Staten Island, New York. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on April 3, 2024, is **AFFIRMED**.

Defendant-Appellant James Garlick appeals from the district court's judgment of conviction, following a guilty plea, to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Under Section 922(g)(1), Garlick's prior felony convictions, including for first-degree manslaughter, made it unlawful for him to possess a gun. Garlick's sole argument on appeal is that his conviction under Section 922(g)(1) is facially unconstitutional under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Garlick's facial constitutional challenge to Section 922(g)(1) is squarely foreclosed by our precedents. In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we recently affirmed that our holding in *United States v. Bogle*, 717 F.3d 281, 282 (2d Cir. 2013), that "Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons," survives *Bruen*. *Zherka*, 140 F.4th at 75 (internal quotation marks and citation omitted). Garlick's challenge therefore fails.[1] *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) ("A decision of a panel

---

[1] In his supplemental brief, Garlick asserts in conclusory fashion that Section 922(g)(1) is unconstitutional "as applied" to him. Appellant's Supp. Br. at 2. However, because Garlick failed to develop this argument in any meaningful way, he has waived any as-applied challenge to the constitutionality of 922(g)(1). *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citation omitted)). In any event, it is difficult to even discern any plausible as-applied challenge where Garlick was previously convicted of first-degree manslaughter for stabbing a person to death. *See Zherka*, 140 F.4th at 91 (concluding that Section 922(g)(1) is "an

2

of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court.").

*  *  *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

appropriate exercise of [Congress's] longstanding power to disarm dangerous categories of persons").