23-8096-cr
*United States v. Davila*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee,*

v.                                                                                    23-8096-cr

JONATHAN DAVILA,

       *Defendant-Appellant.*

---

FOR APPELLEE:                     Michael D. Maimin and Nathan Rehn, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     Matthew Larsen, Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on December 20, 2023, is **AFFIRMED**.

Defendant-Appellant Jonathan Davila appeals from the district court's judgment of conviction, following a guilty plea, to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Under Section 922(g)(1), Davila's prior felony convictions—including for manslaughter in the first degree, assault, and the sale of a controlled substance—made it unlawful for him to possess a gun. On appeal, Davila contends that Section 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As Davila concedes, his as-applied constitutional challenge is foreclosed by our Circuit's precedents. Recently, in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we affirmed that our holding in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013), that "Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons," survives *Bruen*. *Zherka*, 140 F.4th at 75 (internal quotation marks and citation omitted). We reasoned that our nation's historical tradition of firearm regulation evinces that Congress has the "legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous." *Id.* at 90. Congress therefore has the "authority to disarm *all* felons," *id.* at 74 n.8 (emphasis added), because a felony conviction "is reasonably regarded as an indication that such

a person lacks the character of temperament necessary to be entrusted with a weapon," *id.* at 94 (internal quotation marks and citation omitted). Accordingly, we reject Davila's arguments that Section 922(g)(1) should not apply to his particular prior felony convictions. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court.").

\*            \*            \*

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court